**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Andres Torres-Castro,<br><br>    Defendant. | No. CR 24-3662-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the pro se Motion for Reduction of Sentence Pursuant to 2023 U.S.S.C. Amendment 821 (Doc. 33) ("Motion") filed by Andres Torres-Castro ("Torres-Castro"). The Federal Public Defender filed a Notice RE: Pro Se Filing, stating it will not be filing a supplemental memorandum (Doc. 34).

*Procedural Background*

On July 17, 2024, Torres-Castro pleaded guilty to the indictment pursuant to a plea agreement to Reentry of Removed Alien in violation of 8 U.S.C. §1326(a), with a possible sentencing enhancement pursuant to 8 U.S.C. §1326(b)(1).

Pursuant to the United States Sentencing Guidelines ("USSG"), Torres-Castro's total offense level was 19, with a criminal history score of six, and a criminal history category of III. Pre-Sentence Report ("PSR") (Doc. 26, pp. 5-7). This resulted in a guideline imprisonment range of 37 to 46 months. However, the plea agreement stipulated to a two level downward departure, which produced a range of 30 to 37 months imprisonment.

This Court sentenced Torres-Castro on September 30, 2024, to a 30 month term of imprisonment, to be followed by 36 months of supervised release.

*USSG Amendment 821*

A judgment of conviction that includes a sentence of imprisonment may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). This section establishes an exception to the general rule of finality. *Dillon v. United States*, 560 U.S. 817, 824 (2010). The statute provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Under this provision, the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

The Court must first determine if a retroactive amendment to the USSG lowered a defendant's guideline range and whether a reduction is consistent with the applicable policy statements. *Dillon*, 560 U.S. at 826. The Court must then consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence. However, 18 U.S.C. § 3582(c)(2) does not authorize a reduction in a defendant's term of imprisonment as not consistent with the policy statement if an "amendment . . . does not have the effect of lowering the defendant's applicable guideline range." USSG 1B1.10(a)(2)(B); *see also* USSG 1B1.10, Application Note 1.

Amendment 821 to the USSG took effect November 1, 2023, and applies retroactively. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); Amendment 821, United States. Sentencing Commission, https://www.ussc.gov/guidelines/amendment/821 (last accessed August 13, 2025). Amendment 821 is bifurcated into Parts A and B. With an effective date of November 1,

2023, Amendment 821 was in effect when Torres-Castro was sentenced, thereby incorporating any applicable Amendment 821 at the time of sentencing. Nonetheless, the Court will briefly address the Amendment.

"Amendment 821 has three parts and several subparts: Part A pertains to 'Status Points;' Part B pertains to 'Zero-Point Offenders;' and Part C pertains to 'Simple Possession of Marihuana Offenses.'" *United States v. Strutz*, No. 3:18-CR-206, 2024 WL 1993987, at *3 (D.N.D. May 6, 2024).

Part A of Amendment 821 limits the criminal history impact of "status points" under USSG. § 4A1.1. Specifically, with regard to such "status points," a defendant who committed an offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to eliminate such status points for any defendant who otherwise has six or fewer criminal history points and apply one point, instead of two, for defendants who otherwise present seven or more criminal history points. As no status points were used in calculating Torres-Castro's guideline range, he is not entitled to relief pursuant to this provision.

"Part B, Subpart 1 of the amendment provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses meet the guideline's criteria." *United States v. Mariscal-Sanabia*, No. 219CR00251GMNNJK6, 2024 WL 841094, at *3 (D. Nev. Feb. 27, 2024), *quoting United States v. Diaz-Diaz*, No. CR19-0187-JCC, 2023 WL 9040636, at *1 (W.D. Wash. Dec. 29, 2023). Torres-Castro's guideline range included a subtotal criminal history score of six points. Therefore, he is not eligible for relief under this portion of Amendment 821.

"Part C provides that a downward departure may be warranted if the defendant received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to another person." Amendment 821. The six criminal history points used in calculating Torres-Castro's guideline range were for U.S.

1 District of Arizona felony convictions of Conspiracy to Commit Hostage Taking and Reentry
2 of Removed Alien. As such, Torres-Castro-Cheno is not eligible for relief under Part C of
3 the Amendment.
4       As Amendment 821 does not lower Torres-Castro's guideline range, the Court finds
5 it need not consider whether a reduction is consistent with the applicable policy statements
6 or consider the § 3553(a) factors. Torres-Castro is not eligible for a sentence reduction.
7       Accordingly, IT IS ORDERED:
8       1.    The Motion for Reduction of Sentence Pursuant to 2023 U.S.S.C. Amendment
9 821 (Doc. 33) is DENIED.
10       2.    The Clerk of Court shall mail a copy of this Order to Torres-Castro at the
11 following address:

                Andres Torres-Castro # 97630-008
                FCI Allenwood Low
                P.O. Box 1000
                White Deer, PA  17887

    DATED this 19th day of August, 2025.

                                    Cindy K. Jorgenson
                                    United States District Judge